AARON GEHMAN,                    )
                                 )  Civil Action
            Plaintiff            )  No. 07-cv-03567
                                 )
      vs.                        )
                                 )
ARGENT MORTGAGE COMPANY LLC,     )
                                 )
            Defendant            )

                          *    *    *

APPEARANCES:

      ROGER V. ASHODIAN, ESQUIRE
            On behalf of Plaintiff

      SANDHYA M. FELTES, ESQUIRE
            On behalf of Defendant


                          *    *    *


                    O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on Defendant Argent

Mortgage Company, LLC's Motion for Summary Judgment, which motion

was filed April 28, 2010 together with the Memorandum of Law in

Support of Defendant Argent Mortgage Company, LLC's Motion for

Summary Judgment and Defendant Argent Mortgage Company, LLC's

Statement of Material Facts in Support of Motion for Summary

Judgment.

      For the following reasons, I grant in part Defendant

Argent Mortgage Company, LLC's Motion for Summary Judgment, and

enter judgment in favor of defendant and against plaintiff on all of plaintiff's federal claims. Specifically, I conclude that there are no genuine issues of material fact that would preclude summary judgment in defendant's favor on those claims. I decline to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, and therefore dismiss as moot defendant's motion to the extent it seeks summary judgment on those claims.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiff's pendent state-law claims. 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred within this judicial district.

## PROCEDURAL HISTORY

Plaintiff initiated this action on August 28, 2007 by filing an eleven-count civil Complaint against defendants Argent Mortgage Company, LLC ("Argent") and Dana Capital Group, Inc. ("Dana Capital"). Plaintiff's claims arise from agreements whereby plaintiff, through mortgage broker Dana Capital, secured a purchase money mortgage from defendant Argent to finance the purchase of real property. The gravamen of plaintiff's

allegations is that Dana Capital and Argent failed to disclose
certain relevant information about the loan, including  a
variable interest rate.

On October 8, 2007, defendant Argent moved to dismiss
the Complaint.  Plaintiff filed a seven-count Amended Complaint
on October 19, 2007.  The Amended Complaint alleges the following
claims: Count One, which is untitled, alleges violations of the
Truth in Lending Act ("TILA"), specifically 15 U.S.C. §§ 1602(u),
1605(f), and  1606(c), and corresponding federal regulations;
violations of the Real Estate Settlement Procedures Act
("RESPA"), specifically 12 U.S.C. §§ 2604(a)-(e), 2605(e), and
2607 and corresponding federal regulations; and Pennsylvania
state-law statutory violations, including violation of the
Pennsylvania Mortgage Bankers and Brokers and Consumer Equity
Protection Act[1], the Pennsylvania Secondary Mortgage Loan Act[2],
and the Pennsylvania Credit Services Act[3].

Count Two, which is also untitled, alleges that
defendants failed to disclose to plaintiff the amount of a yield
spread premium in violation of RESPA, 12 U.S.C. § 2604(c); and
TILA, 15 U.S.C. § 1638(b).  Count Three alleges violation of the

---

[1]      Act of December 22, 1989, P.L. 687, No. 90, §§ 101-3101, as
amended, 63 P.S. §§ 456.101-456.3101.

[2]      Act of December 12, 1980, P.L. 1179, No. 219, §§ 1-12, as amended,
7 P.S. §§ 6601-6626.

[3]      Act of December 16, 1992, P.L. 1144, No. 150, §§ 1-12, 73 P.S. §
2181-2192.

Pennsylvania Credit Services Act against Dana Capital only.
Count Four alleges violation of the Pennsylvania Unfair Trade
Practices and Consumer Protection Law ("UTCPL")[4].  Count Five
alleges a state-law claim of fraud.  Count Six alleges a state-
law claim of civil conspiracy.  Count Seven alleges a state-law
claim of negligent misrepresentation.  With the exception of
Count Three, which is alleged against Dana Capital only, all
counts appear to be alleged against both defendants.

By Order dated March 5, 2010, I dismissed the Complaint
against defendant Dana Capital for failure to serve the Complaint
and Summons on that defendant, pursuant to Rule 4(m) of the
Federal Rules of Civil Procedure, without prejudice for plaintiff
to refile his claims against Dana Capital.  Accordingly, herein I
address only those claims which are against defendant Argent.

On April 28, 2010, defendant Argent filed the within
motion for summary judgment.  Hence this Opinion.

STANDARD OF REVIEW

In considering a motion for summary judgment, the court
must determine whether "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue of
material fact and that the moving party is entitled to judgment
as a matter of law."  Fed.R.Civ.P. 56(c).  See also Anderson v.

---

[4]     Act of December 17, 1968, P.L. 1224, No. 387, §§ 1-9.3, as
amended, 73 P.S. §§ 201-1 to 201-9.3.

Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003). Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-858 (3d Cir. 2000). Plaintiffs cannot avert summary judgment with speculation or by resting on the allegations in their pleadings, but rather they must present competent evidence from which a jury could reasonably find in their favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

## FACTS

Based upon the pleadings, record papers, exhibits, and the uncontested concise statement of facts contained within defendant's motion for summary judgment and accompanying brief,

the pertinent facts for purposes of the motion for summary

judgment are as follows.[5]

---

[5]     By my Rule 16 Status Conference Order dated March 12, 2010, any
party filing a motion for summary judgment was required to file a brief,
together with "a separate short concise statement, in numbered paragraphs, of
the material facts about which the moving party contends there is no genuine
dispute."  The concise statement of facts was required to be supported by
citations to the record and, where practicable, relevant portions of the
record were to be attached.

        In addition, my Order provided that any party opposing a motion
for summary judgment was required to file a brief in opposition to the motion
and "a separate short concise statement, responding in numbered paragraphs to
the moving party's statement of the material facts about which the opposing
party contends there is a genuine dispute, with specific citations to the
record, and, where practicable, attach copies of the relevant portions of the
record."

        Moreover, my Order provided that if the moving party failed to
provide a concise statement, the motion may be denied on that basis alone.
With regard to the opposing party, my Order provided: "All factual assertions
set forth in the moving party's statement shall be deemed admitted unless
specifically denied by the opposing party in the manner set forth [by the
court]."

        In this case, defendant filed a concise statement of facts in
support of their motion.  Plaintiff filed no response in opposition, and did
not file a responsive concise statement of undisputed facts with citation to
the record as required by my Order.

        The requirement for a concise statement and a responsive concise
statement is consistent with the requirement of Rule 56 of the Federal Rules
of Civil Procedure that the moving party provide proof that there are no
genuine issues of material fact which would prevent him from being entitled to
judgment as a matter of law.  Moreover, in response, the non-moving party (in
this case plaintiffs) may not rest on their pleadings, but must come forward
with competent evidence that demonstrates a genuine issue of material fact.
Ridgewood, supra.

        In addition, Rule 83(b) of the Federal Rules of Civil Procedure
provides:

                A judge may regulate practice in any manner
                consistent with federal law, rules adopted under 28
                U.S.C. §§ 2072 and 2075, and local rules of the
                district.  No sanction or other disadvantage may be
                imposed for noncompliance with any requirement not in
                federal law, federal rules, or local district rules
                unless the alleged violator has been furnished in the
                particular case with actual notice of the requirement.

        Thus, even if my requirement for a separate concise statement were
not consistent with Rule 56, I gave plaintiffs actual notice of my
requirement, and plaintiffs clearly failed to comply with it.

                                        (Footnote 1 continued):

Plaintiff is the current owner of property located at 5 Host Church Road, Womelsdorf, Pennsylvania ("the Property"). In January 2005, plaintiff entered an agreement of sale to purchase the Property. Thereafter, plaintiff hired Dana Capital, a mortgage broker, to help him secure financing to purchase the Property. Plaintiff and Dana Capital entered into a Mortgage Loan Origination Agreement, in which Dana Capital advised plaintiff that Dana Capital would enter into separate independent contractor arrangements with lenders in order to assist plaintiff in securing a mortgage loan.

On August 26, 2005, Dana Capital, on plaintiff's behalf, submitted plaintiff's loan application to defendant Argent. Also on August 26, 2005, Argent provided plaintiff with preliminary estimated disclosures. Plaintiff received those preliminary disclosures on or around that same day. Argent's estimated TILA Disclosure and Good Faith Estimate both stated that the loan would have an adjustable interest rate. Argent also provided plaintiff with an Adjustable Rate Program Disclosure with the preliminary disclosures, explaining the variable interest rate feature.

---

(Continuation of footnote 1):

Accordingly, although I do not grant the motion as unopposed, see E.D.Pa.R.Civ.P. 7.1(c), I deem admitted all relevant facts contained in Defendant Argent Mortgage Company, LLC's Statement of Material Facts in Support of Motion for Summary Judgment, which statement was filed April 28, 2010, for purposes of the within motion only.

Based upon plaintiff's loan application and other financial documents provided by plaintiff and his mortgage broker, defendant Argent approved plaintiff for a purchase money mortgage in the amount of $396,000.  A loan closing took place on September 13, 2005, at which plaintiff received and signed a number of loan documents evidencing the mortgage loan transaction, including the Mortgage, Adjustable Rate Note, Adjustable Rate Rider, and 2 Year Adjustable Rate Program Disclosure.  He also received and signed an Important Notice to Borrower, in which plaintiff acknowledged that he was not relying upon oral statements in entering the loan transaction.

Plaintiff also received and signed a Settlement Statement at the loan closing.  The Settlement Statement discloses, at line 911, the payment of a yield spread premium by Argent to Dana Capital.

At the time he signed the final loan documents, plaintiff was aware of the final loan terms.  He chose to go forward with the loan transaction because he did not want to lose the $89,000 deposit for the purchase of the Property.  Plaintiff used the loan proceeds to purchase the Property, where he now resides.

Plaintiff had only one conversation with defendant Argent.  The loan terms were not discussed during that conversation.  On or about October 1, 2005, Argent sold and

assigned plaintiff's mortgage loan to Deutsche Bank National Trust Company, as trustee for Argent Securities, Inc., Asset Backed Pass Through Certificates Series 2005-W3, Under the Pooling and Servicing Agreement Dated October 1, 2005. Argent has not owned plaintiff's mortgage since October 1, 2005.

<u>CONTENTS OF DEFENDANT</u>[6]

Defendant contends that there are no genuine issues of material fact which preclude summary judgment in its favor on any of plaintiff's claims. First, defendant avers that plaintiff's TILA claims as set forth in Counts One and Two fail for five reasons: (1) plaintiff's damages claims are barred by TILA's one-year statute of limitations plaintiff initiated this lawsuit more than one year after the loan closing on September 13, 2005; (2) plaintiff's claim for rescission fails because TILA does not provide a right to rescind a purchase money mortgage; (3) plaintiff's claim for rescission against Argent further fails because Argent no longer owns the mortgage loan and plaintiff has failed to join the current mortgage owner in this lawsuit; (4) plaintiff is further precluded from rescinding his mortgage because he has failed to plead or establish an ability and willingness to tender the loan proceeds; and (5) the final TILA

---

[6] As noted above at footnote 1, plaintiff filed no response in opposition to defendant's motion for summary judgment. Accordingly, I summarize only defendant's contentions.

-9-

disclosures, including the yield spread premium, made to plaintiff at the time of the loan closing were accurate.

Second, defendant contends that plaintiff's fraud (Count Five) and negligent misrepresentation (Count Seven) claims against Argent fail because plaintiff admits that Argent did not make any false statements to him, and because Argent is not liable for any alleged misrepresentations made by Dana Capital. Specifically, defendant contends that plaintiff admits he had only one conversation with Argent before the loan closing, and that the terms of the mortgage loan were not discussed during that conversation. Thus, defendant avers it is undisputed that Argent did not make any false statements to plaintiff regarding the loan terms.

Moreover, defendant asserts that plaintiff's fraud and misrepresentation claims are based on statements allegedly made by plaintiff's broker, a Dana Capital employee. Defendant avers that there is no evidence of a relationship between Argent and Dana Capital whereby Argent could be held liable for statements made by Dana Capital employees.

Additionally, defendant contends that plaintiff's fraud claim fails because he did not justifiably rely on alleged oral statements regarding the loan terms. Specifically, defendant avers that plaintiff could have easily learned about the final loan terms simply by reading the loan documents, which he signed

and acknowledged.  Further, defendant contends that plaintiff admits he knew about the loan terms, including the variable interest rate, at the loan closing and chose to enter the loan transaction because he did not want to lose his deposit for the Property.  Thus, defendant contends that plaintiff could not have justifiably relied on any contrary oral statements.

Third, defendant contends that plaintiff's RESPA claims set forth in Counts One and Two are barred by a one-year statute of limitations.  According to defendant, the limitations period began to run as of the September 13, 2005 loan closing. Defendant avers that because plaintiff failed to assert his RESPA claims until he initiated this lawsuit on August 28, 2007, his RESPA claims are time-barred.

Fourth, defendant asserts that it is entitled to summary judgment on plaintiff's UTPCPL claim set forth in Count Four because Argent did not engage in any unfair or deceptive conduct.  Like its argument regarding plaintiff's fraud and negligent misrepresentation claims, defendant avers that plaintiff cannot establish that he justifiably relied on any misrepresentations made by Argent.  Specifically, defendant contends that Argent did not make any representations to plaintiff, and provided plaintiff with accurate material disclosures.  Therefore, defendant contends that the UTPCPL claim fails as a matter of law.

Finally, defendant contends that plaintiff's civil conspiracy claim set forth in Count Six fails because plaintiff has adduced no evidence of a conspiracy between Argent and Dana Capital, or that Argent acted with malice or with the intent to injure plaintiff. On the contrary, defendant avers that Argent acted in the mortgage loan transaction to advance legitimate business interests. Thus, defendant contends that plaintiff cannot establish a prima facie case for civil conspiracy.

DISCUSSION

TILA and RESPA Claims

Because this court's subject matter jurisdiction is based on federal question jurisdiction, I address plaintiff's federal claims under TILA and RESPA first. For the following reasons, I agree that defendant is entitled summary judgment on all of plaintiff's TILA and RESPA claims set forth in Counts One and Two.

Count One alleges that Argent engaged in a series of "bait and switch tactics" whereby plaintiff applied for a fixed interest rate loan and was led to believe, and relied upon a representation, that he would be given a fixed interest rate but in fact was given an adjustable-rate mortgage. Count One also alleges that Argent violated TILA, RESPA and related federal regulations by closing on the loan without providing required estimate disclosures and by failing to provide plaintiff with a

Housing and Urban Development ("HUD") booklet on adjustable rate loans within three days of plaintiff making the loan application; and by paying Dana Capital fees which amount to illegal kickbacks. Count One further alleges that defendant Argent violated TILA by failing to provide plaintiff with re-disclosures and by failing to properly disclose that plaintiff's interest rate and payments were increased to obtain a "borrower credit" of $7,200.00.

Count Two alleges that defendant Argent violated TILA and RESPA by failing to disclose the amount of a "yield spread premium" paid by Argent to Dana Capital. Count Two further avers that plaintiff's HUD-1 Settlement Statement dated September 13, 2005 does not state that the interest rate was increased as a result of the yield spread premium, nor does it disclose the effect of the yield spread premium on the ultimate cost to the borrower.

Count Two further alleges that the yield spread premium was disclosed to plaintiff, at the earliest, at the time plaintiff signed the closing documents, thereby not affording plaintiff the opportunity to reject the yield spread premium, find another lender, or negotiate a lower interest rate. Count Two asserts that, as a result of Argent's failure to disclose the

yield spread premium, "plaintiff was presented with a mortgage that carries a higher interest rate than it should."[7]

One purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit". 15 U.S.C. § 1601(a). Thus, the credit issuer must disclose the required terms accurately and without misleading statements. <u>Rossman v. Fleet Bank (R.I.) National Association</u>, 280 F.3d 384, 390-391 (3d Cir. 2002).

Similarly, "[t]he principal purpose of RESPA is to protect home buyers from material nondisclosures in settlement statements and abusive practices in the settlement process", both in the actual settlement process and in the "servicing" of a federally related mortgage loan. <u>Jones v. Select Portfolio Servicing, Inc.</u>, 2008 WL 1820935, at *9 (E.D.Pa. Apr. 22, 2008) (Buckwalter, S.J.). Here, plaintiff's Amended Complaint alleges that defendant Argent violated numerous TILA and RESPA provisions by failing to provide required disclosures, thereby entitling plaintiff to money damages.[8]

Defendant contends that all of plaintiff's federal claims for damages under TILA and RESPA, as set forth in Counts

---

[7]    Amended Complaint, paragraph 32.

[8]    See Amended Complaint, paragraph 13; and demand for relief, Amended Complaint, page 19.

One and Two, are each time-barred by a one-year statute of limitations.

TILA provides that all claims for money damages must be brought within one year: "Any action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation".  15 U.S.C. § 1640(e).  The one-year limitations period begins to run from the date the loan closed.  In re Community Bank of Northern Virginia, 467 F.Supp.2d 466, 475 (W.D.Pa. 2006)(Lancaster, J.); see also Roche v. Sparkle City Realty, 2009 WL 1674417, at *2 (E.D.Pa. June 12, 2009) (Kauffman, S.J.).

Similarly, plaintiff's RESPA claims under section 2607 are subject to a one-year statute of limitations:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of violation of section 2607 or 2608 of this title from the date of the occurrence....

12 U.S.C. § 2614.

Here, the Amended Complaint alleges (and defendant does not dispute) that the loan closed on September 13, 2005.[9]

---

[9]     Amended Complaint, paragraph 14.

Plaintiff initiated this lawsuit on August 28, 2007, nearly two years after the loan closed.  Accordingly, I conclude that all of plaintiff's TILA claims for statutory damages set forth in Counts One and Two, as well as plaintiff's RESPA claims under 12 U.S.C. § 2607, are barred by the respective statutes of limitations, and I grant summary judgment in defendant's favor on those claims.

Defendant contends that all of plaintiff's RESPA claims are barred by the one-year statute of limitations.  However, regarding plaintiff's claim in Count One that defendant "fail[ed] to respond to Plaintiff's qualified written request" by acknowledging it within twenty days and responding within sixty days as required by section 2605(e),[10] that claim is subject to a three-year statute of limitations, not a one-year statute of limitations.  12 U.S.C. § 2614.  Defendant does not specifically contend that plaintiff's Section 2605(e) claim is barred by the three-year statute of limitations.

Under RESPA, a borrower can make a "qualified written request" ("QWR") to a loan servicer for information relating to the servicing of his loan.  12 U.S.C. § 2605(e)(1)(A).  The servicer is required to provide a written acknowledgment of the request within twenty days, and must respond within sixty days.  12 U.S.C. § 2605(e)(2).  "A QWR consists of two necessary items: (1) information to allow the servicer to identify the name and

_____

[10]     Amended Complaint, paragraph 25.

account of the borrower, and (2) a statement of the reasons for the belief of the borrower...that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." <u>Wenglicki v. Tribeca Lending Corporation</u>, 2009 WL 2195221, at *4 n.7 (E.D.Pa. July 22, 2009)(Stengel, J.).

Assuming, without deciding, that plaintiff's Section 2605(e) claim is timely, I nonetheless grant summary judgment in defendant's favor on that claim because, aside from the conclusory allegation set forth in paragraph 25 of the Amended Complaint, the record is devoid of any evidence that plaintiff actually sent such a request to Argent. Although Count One alleges at paragraph 15 that plaintiff contacted Dana Capital's legal department after the loan closing to ask questions about the loan officer who had provided services to plaintiff, the Amended Complaint does not actually allege that plaintiff sent a QWR to defendant Argent. No such request is attached to plaintiff's Amended Complaint or any other record paper in this matter. Plaintiff must have made a QWR in order for Argent to be liable under RESPA. <u>Wenglicki</u>, <u>supra</u>.

Because plaintiff does not allege when or whether he sent a QWR to Argent, I cannot conclude that Argent had any responsibility to respond to such a request, and I cannot determine when or whether the statute of limitations on such an

-17-

alleged violation would have begun to run.  See <u>Morilus v. Countrywide Home Loans, Inc.</u>, 651 F.Supp.2d 292, 305 (E.D.Pa. 2008)(Stengel, J.), noting that "[i]f no request is submitted, the servicer's duty to reply is not triggered".

Plaintiff cannot avert summary judgment by resting on the allegations in his pleadings; rather, he must present competent evidence from which a jury could reasonably find in his favor.  <u>Ridgewood</u>, 172 F.3d at 252.  Because plaintiff has adduced no evidence from which a jury could reasonably find in his favor on his Section 2605(e) claim, I grant summary judgment in defendant's favor on that claim.

Count One also alleges a RESPA claim under 12 U.S.C. § 2604 for Argent's alleged failure to provide plaintiff with a HUD booklet on adjustable rate loans[11], and Count Two alleges a RESPA claim under that same provision for failing to disclose the yield spread premium.[12]  RESPA does not create a private cause of action for violation of 12 U.S.C. § 2604.  <u>Kamara v. Columbia Home Loans, LLC</u>, 654 F.Supp.2d 259, 264 n.3 (E.D.Pa. 2009) (McLaughlin, J).  Accordingly, I grant summary judgment in defendant's favor on plaintiff's § 2604 claims set forth in Counts One and Two.  Thus, I have granted summary judgment in defendant's favor on all of plaintiff's RESPA claims.

---

[11]     Amended Complaint, paragraph 16.

[12]     Amended Complaint, paragraph 29.

<u>Rescission</u>

Defendant argues that, to the extent plaintiff seeks rescission of the mortgage loan, such a remedy is unavailable to plaintiff because TILA does not provide a right to rescind a purchase money mortgage; Argent no longer owns the mortgage loan and plaintiff has failed to join the current mortgage owner in this lawsuit; and plaintiff has failed to plead or establish an ability and willingness to tender the loan proceeds.

Based on a thorough review of plaintiff's Amended Complaint, I conclude that plaintiff does not appear to seek rescission of the mortgage loan. Plaintiff's demand for relief seeks "damages and attorney's fees and costs pursuant to the Federal law and for such other and further relief as the court deems just and equitable", but does not expressly request rescission of the mortgage loan. Moreover, although Count One avers that plaintiff is entitled to damages for RESPA violations, no other provision of the Amended Complaint appears to specifically address remedies. I conclude, therefore, that plaintiff is not seeking to rescind his mortgage loan under TILA.[13]

---

[13]    However, to the extent the Amended Complaint could be construed to seek rescission of the mortgage under TILA, I would grant summary judgment in defendant's favor on such a claim because under 15 U.S.C. § 1635, rescission is not an available remedy for "residential mortgage transactions" as defined in 15 U.S.C. § 1602(w). <u>Kamara</u>, 654 F.Supp. at 264.

(<u>Footnote 13 continued</u>):

Thus, because I have granted summary judgment in defendant's favor on all of plaintiff's TILA claims for damages, and plaintiff is not seeking rescission under TILA, no TILA claims remain.

### State Claims

In this case, original jurisdiction is based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Having dismissed all of plaintiff's TILA and RESPA claims, the remaining claims set forth in the Amended Complaint are grounded in state statutory and common law.

When all federal claims have been dismissed in an action based on federal-question jurisdiction, I may decline to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3). Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). I decline to exercise supplemental jurisdiction over plaintiff's state-law claims, and I dismiss plaintiff's state-law claims without prejudice for plaintiff to raise them in state court, subject to any applicable statute of limitations.

---

(Continuation of footnote 13):

Under section 1602(w), a "residential mortgage transaction" is defined as "a transaction in which a mortgage...is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Here, it is undisputed that plaintiff obtained the mortgage at issue for the purpose of financing the acquisition of the Property, which is his dwelling. Accordingly, I conclude that rescission, to the extent plaintiff may seek it, is not an available remedy under TILA.

Therefore, I do not address the merits of defendant's contentions regarding plaintiff's state-law claims.

## CONCLUSION

For all the foregoing reasons, I grant defendant's motion for summary judgment to the extent it seems summary judgment on all federal claims under TILA and RESPA set forth in Counts One and Two of plaintiff's Amended Complaint, and enter judgment in favor of defendant on those claims.  I decline to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, and dismiss plaintiff's state-law claims without prejudice for plaintiff to pursue them, if appropriate, in state court.  Therefore, I dismiss as moot defendant's motion for summary judgment on plaintiff's state-law claims.